# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

      Plaintiff,

  v.                                  Case No. 08-C-59

UNIFUND CCR PARTNERS, as assignee
of Palisades Collections LLC,
JOHN DOES, acting on behalf of Unifund CCR Partners,
KOHN LAW FIRM SC,
JACK R. CHASE, Attorney, and
DAVID AMBROSH, Attorney

      Defendants,

## DECISION AND ORDER

On January 15, 2008, plaintiff, a Wisconsin state prisoner, filed a pro se complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Wisconsin Consumer Act, Wis. Stat. § 427.104. Plaintiff also alleges state law civil conspiracy, abuse of process, and intentional misrepresentation claims. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20%

of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has paid an initial partial filing fee of $6.00. I conclude that plaintiff meets the poverty requirements of 28 U.S.C. § 1915(a).

Pursuant to the in forma pauperis statute, notwithstanding any filing fee, or any portion thereof, that has been paid, the court shall dismiss the case at any time if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). Additionally, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

## I. COMPLAINT ALLEGATIONS

Plaintiff is incarcerated at the Wisconsin Secure Program Facility. Defendants are Unifund CCR Partners ("Unifund"); John Does, who are unknown Unifund employees; Kohn Law Firm; Attorney Jack R. Chase; and Attorney David A. Ambrosh.

According to the complaint, defendants Unifund and John Does are debt collectors who attempted to collect the Citibank credit card debt that plaintiff incurred prior to incarceration. Plaintiff alleges that Unifund and the John Does "knowingly, willfully, intentionally, and maliciously" assessed more than $1000 in additional illegal interest on his account. Plaintiff states that on July 20, 2006, Unifund and John Does sent a Unifund Statement to him in which they misrepresented the debt as $5,290.04, misrepresented plaintiff's interest rate for his debt, and attempted to collect a greater amount of debt than they were entitled to by law.

Plaintiff further alleges that on September 13, 2006, defendants Kohn Law Firm and Attorney Jack Chase filed a civil complaint (Outagamie County Case Number 06-cv-1269) on behalf of Unifund and the John Does, in which they alleged that the amount of plaintiff's debt was $5,478.79. Plaintiff alleges that this allegation was a misrepresentation. He also alleges that defendant David A. Ambrosh, also an attorney at the Kohn Law Firm, represented Unifund and the John Does in the Outagamie County lawsuit, and that therefore

3

he was part of the misrepresentation. Plaintiff catalogues other actions taken by defendants as part of the Outagamie County litigation, and alleges that every time defendants represented to the Outagamie court that plaintiff's debt was $5,478.79, they misrepresented the amount of plaintiff's debt. Plaintiff alleges that on August 13, 2007, the Outagamie County Circuit Court awarded Unifund summary judgment against plaintiff in the amount of $3,670.55.

Plaintiff claims that defendants violated the FDCPA, 15 U.S.C. §§ 1692(f)(1) and 1692e(2)(A), and the Wisconsin Consumer Act, Wis. Stat. § 427.104(j), by assessing illegal interest on plaintiff's debt, misrepresenting the debt to plaintiff and the court, and attempting to collect the misrepresented debt. Plaintiff also claims that defendants conspired to violate his rights under the FDCPA and the Wisconsin Consumer Act. Plaintiff further claims that defendants abused the process in Outagamie County Case Number 06-cv-1269 by committing multiple violations of the FDCPA and the Wisconsin Consumer Act, causing him excessive litigation costs. In addition, plaintiff claims that defendants intentionally misrepresented the debt in an attempt to collect a greater amount of debt from plaintiff than allowed by law. Plaintiff expressly limits his FDCPA claim to events that occurred within one year of the filing of the present complaint (Compl. ¶ 32), and expressly limits his remaining claims to events that occurred within two years of the filing of the present complaint, (Compl. ¶¶ 34, 36, 38 & 40.) For relief, plaintiff seeks damages pursuant to Wis. Stat. § 425.304(1) and 15 U.S.C. § 1692(2)(A), as well as compensatory and punitive damages.

Plaintiff attached several documents from this civil action to his complaint, and I therefore consider such documents to be part of the complaint. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for

4

all purposes"). These documents include the August 13, 2007, transcript of motion hearing granting Unifund's motion for summary judgment as well as the state court's August 23, 2007 judgment in favor of Unifund and against Polzin for $4,301.55, which includes $3,670.55 in damages plus statutory costs and attorneys' fees. Also included in these documents is a cover letter for the complaint in which plaintiff states that he appealed the state court's decision because the court "did not dismiss Unifund's complaint outright because the amount stated in paragraph five of the complaint did not conform to the evidence."

Since the time that plaintiff filed his complaint in this case, the Wisconsin Court of Appeals resolved plaintiff's appeal. I take judicial notice of that court's opinion and order. See Menominee Indian Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998). The appeals court affirmed the trial court's decision granting summary judgment to Unifund and found no basis for Polzin's claim under the Wisconsin Consumer Act, Wis. Stat. § 427.104(j). Unifund CCR Partners v. Polzin, No. 2007AP2080, slip op. at 2-3 (Wis. Ct. App. April 15, 2008).

## II. DISCUSSION

### A.   Subject Matter Jurisdiction

Because plaintiff alleges violations of the FDCPA, a federal statute, I appear to have subject matter jurisdiction over this action pursuant to the general federal question statute, 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367. However, since plaintiff's credit card debt has been the subject of a state court action that

5

was reduced to judgment before plaintiff filed the present suit, I raise sua sponte the issue of whether I lack subject matter jurisdiction under the Rooker-Feldman doctrine.

Under Rooker-Feldman, district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, plaintiff is a "state-court loser" and the state-court judgment was rendered before plaintiff commenced the present proceedings. However, at this point, it does not appear as though plaintiff is complaining about an injury caused by a state court judgment, or that he is inviting district court review and rejection of any such judgment. Although some of the issues that plaintiff seeks to litigate here may have been raised – or it may be that they could have been raised – in the state proceedings, plaintiff's claims are not directed at the state court judgment but at the defendants' conduct prior to entry of that judgment. From my review of the complaint and supporting documentation, it does not appear that plaintiff claims that the state court judgment caused him injury. Indeed, it does not appear that plaintiff is disputing the judgment entered by the state court or seeking to avoid payment of that judgment. Rather, the only compensatory damages plaintiff seeks are the costs he incurred in defending against the state court action.

The Rooker-Feldman doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant

6

prevails under principles of preclusion.'" Id. at 293 (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993) (alternations in original)). Thus, although state law principles of claim and issue preclusion may bar some or all of plaintiff's claims, at this point I believe I have subject matter jurisdiction over this action because plaintiff is not alleging that the state court judgment injured him. However, if as this case progresses it turns out that plaintiff is seeking review of the state court judgment, I will dismiss the action for lack of subject matter jurisdiction. Further, this preliminary ruling does not foreclose defendants from raising Rooker-Feldman as a defense or filing a motion to dismiss for lack of subject matter jurisdiction.

**B.     Review Under Section 1915(e)(2)(B)**

From my initial review of the complaint, it appears that plaintiff has stated claims under the FDCPA, and that such claims are not patently frivolous or malicious. The FDCPA prohibits the false representation of the "amount" of any debt, 15 U.S.C. § 1692e(2)(A), and plaintiff alleges that defendants' filings in the Outagamie action falsely stated the amount of legal interest associated with plaintiff's debt. Although it is questionable whether these actions taken in the course of litigation can result in liability under § 1692e, see Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 472-73 (7th Cir. 2007), the FDCPA generally applies to actions taken by lawyers engaged in litigation, Heintz v. Jenkins, 514 U.S. 291, 299 (1995). It therefore does not appear to me at this preliminary stage that plaintiff has failed to state a claim or that his suit is frivolous or malicious. However, if defendants believe that plaintiff has failed to state a claim or that his suit is frivolous or

7

malicious, they are free to file an appropriate motion, whether under Federal Rule of Civil Procedure 12(b) or otherwise.[1]

Finally, I note that some or all of plaintiff's claims may be barred by claim or issue preclusion. However, because claim and issue preclusion are affirmative defenses, Fed. R. Civ. P. 8(c)(1); Simpson v. Nickel, 450 F.3d 303, 306 (7th Cir. 2006), and because it is not obvious from the face of the complaint that either of these doctrines apply, they are matters to be addressed once defendants have appeared.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

---

[1] Having found at least one non-frivolous federal claim that must proceed beyond the screening stage, I express no view as to whether plaintiff has stated valid state law claims. Again, defendants are free to bring any appropriate Rule 12(b) motions.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

9

Dated at Milwaukee, Wisconsin, this 4 day of June, 2008.

/s                                    

LYNN ADELMAN
District Judge

10