# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD L. POLZIN,**

      **Plaintiff,**

      v.                                  Case No. 08-C-59

**UNIFUND CCR PARTNERS,**
**JOHN DOES, KOHN LAW FIRM SC,**
**JACK R. CHASE, and DAVID AMBROSH,**

      **Defendants.**

## DECISION AND ORDER

Plaintiff, who is currently incarcerated at the Green Bay Correctional Institution, filed a pro se complaint alleging that defendants violated his rights under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and Wisconsin state law in attempting to collect a credit card debt that he incurred prior to his incarceration. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction and a motion to stay discovery pending resolution of that motion. Plaintiff opposes defendants' motion to dismiss and has filed numerous discovery-related motions. I address these motions below.

### I. MOTION TO DISMISS

Because plaintiff alleges violations of the FDCPA, a federal statute, I appear to have subject matter jurisdiction over this action pursuant to the general federal question statute, 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367. However, defendants argue that I lack subject matter jurisdiction pursuant to the

Rooker-Feldman doctrine because plaintiff's credit card debt was the subject of a state-court judgment rendered before plaintiff filed the present suit. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Under Rooker-Feldman, district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, plaintiff is a "state-court loser" and the state-court judgment was rendered before plaintiff commenced the present proceedings. However, as explained below, plaintiff is not complaining about an injury caused by the state-court judgment or inviting district court review and rejection of that judgment, and therefore Rooker-Feldman does not apply.

On September 13, 2006, defendant Unifund filed an action in state court against plaintiff, seeking to collect an unpaid credit card debt. On August 13, 2007, the state trial court held a hearing on Unifund's motion for summary judgment.[1] At the hearing, the court found that plaintiff did not dispute that he owed the underlying principal balance of $3,200.99. (Tr. at 9.) The court noted, however, that plaintiff disputed the amount of interest that Unifund had charged to the account. The disputed interest amount is what plaintiff in the present case refers to as "illegal interest." (E.g., Compl. ¶ 12.) Instead of addressing the dispute over the alleged illegal interest, the trial court decided to award

---

[1]The transcript of the hearing begins on page 89 of Exhibit B to Defendants' Motion to Dismiss. When citing to the transcript, I will use the page numbers in the transcript itself, rather than defendants' page numbers.

2

Unifund the undisputed principal balance plus statutory interest of five percent calculated from the date that the lawsuit was filed until the date of the hearing. (Tr. at 9-10.) Unifund was apparently satisfied with this result, even though the court awarded less interest than Unifund had requested. Over plaintiff's objection, the court entered judgment in favor Unifund for the principal plus statutory interest. (Mot. to Dismiss Ex B. at 72-73.)

During the state trial court proceedings, plaintiff had requested leave to file a counterclaim against Unifund asserting violations of the Wisconsin Consumer Act based on the alleged illegal interest. Specifically, plaintiff asked to assert a claim under Wis. Stat. § 427.104(j), which prohibits a debt collector from making a claim or enforcing a right "with knowledge or reason to know that the right does not exist." The trial court never explicitly ruled on plaintiff's request, and no counterclaim was filed. The court simply entered judgment for Unifund and ignored plaintiff's request to file a counterclaim.

After the state trial court entered judgment for Unifund, plaintiff appealed, and the state court of appeals summarily affirmed the judgment. (Mot. to Dismiss Ex. D.) One of the issues plaintiff raised on appeal was that he should have been allowed to file a counterclaim under the Wisconsin Consumer Act. (Mot. to Dismiss Ex. C at 11.) In its opinion, however, the court did not address whether plaintiff should have been allowed to file a counterclaim. Instead, the court commented on the merits of plaintiff's Wisconsin Consumer Act counterclaim without acknowledging that plaintiff had never been granted permission to file any such claim in the first place. The court stated:

> Polzin did not establish any violation of Wis. Stat. § 427.104(j) that would allow him any relief under the consumer act. That statute prohibits a debt collector under some circumstances from making a claim or threatening to enforce a right "with knowledge or reason to know the right does not exist." There is no evidence that Unifund knew or should have known that it lacked

3

> the right to request the contractual interest rate on the loan it acquired from Citibank. The supporting papers submitted with the motion for summary judgment suggest an adequate basis for Unifund to have sought the amount requested in the complaint without violating Wis. Stat. § 427.104(j).

(Id. at 2.) The court of appeals's comments on this issue are perplexing. As noted, plaintiff had not been allowed to assert his counterclaim in the trial court, and thus the lack of evidence to support the claim was attributable to the fact that plaintiff had never been afforded the opportunity to present any such evidence. The court of appeals seemed to overlook this fact. Further, it is not clear what the court meant when it noted that Unifund's supporting papers "suggest[ed]" an adequate basis for the interest charges. Did the court mean that Unifund in fact had an adequate basis to collect the interest, or was the court merely remarking that Unifund seemed to have some evidence in its favor? Finally, whether plaintiff had established a violation of Wis. Stat. § 427.104(j) had nothing to do with the judgment that the court of appeals affirmed. That judgment did not in any way encompass plaintiff's claims under the Wisconsin Consumer Act because, as noted, plaintiff had not been allowed to assert any such claims in the first place.

In the present action, plaintiff essentially seeks to litigate the claims he was not permitted to litigate in the state trial court. Specifically, he alleges that the FDCPA prohibits the false representation of the "amount" of any debt, 15 U.S.C. § 1692e(2)(A), and that defendants' filings in the state-court action (including the complaint and an affidavit filed in support of Unifund's motion for summary judgment) falsely stated the amount of interest associated with his debt. Defendants argue that these claims seek to upset the state-court judgment and that therefore I lack jurisdiction pursuant to the Rooker-Feldman doctrine.

4

As noted, the Rooker-Feldman doctrine provides that district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "The doctrine . . . is inapplicable when the plaintiff is not attacking a state court judgment." Jones v. Brennan, 465 F.3d 304, 305 (7th Cir. 2006). Further, Rooker-Feldman does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Exxon Mobil Corp., 544 U.S. at 284.

In the present case, Rooker-Feldman does not apply because plaintiff is not complaining of injuries caused by the state-court judgment. That judgment provides only that Unifund is entitled to recover the undisputed principal balance plus statutory interest, and plaintiff does not argue that he does not owe these amounts or that the judgment awarding these amounts injured him. Rather, plaintiff argues that defendants' actions in attempting to collect more than these amounts prior to the time the state court entered its judgment violated the FDCPA and Wisconsin Consumer Act. Plaintiff can prevail on these claims without upsetting or calling into question the state-court judgment.

Although for whatever reason the court of appeals discussed the merits of plaintiff's Wisconsin Consumer Act counterclaim in its decision, that discussion has no bearing on whether Rooker-Feldman applies. This is so for two reasons. First, the discussion was not incorporated into the state-court judgment. As noted, the court of appeals summarily affirmed the trial court's judgment, and the trial court's judgment did not address plaintiff's Wisconsin Consumer Act counterclaim – the trial court simply ignored plaintiff's request to

5

file a counterclaim. Second, even if the discussion were somehow incorporated into the state-court judgment, plaintiff is not complaining about an injury caused by the discussion or asking me to review or reject that discussion. The court of appeals simply noted that plaintiff had not produced any evidence of a Wisconsin Consumer Act violation and that one of Unifund's affidavits "suggest[ed]" an adequate basis for the interest it requested. (Mot. to Dismiss Ex. D at 3.) I do not know why the court of appeals decided to offer these remarks, but I do not need to review or reject them in order to find for plaintiff in this case. Any judgment in the present case will be based on the evidence developed here, and the state-court's observations about the state-court record are irrelevant.

Defendants argue that Rooker-Feldman applies based on the Seventh Circuit's recent opinion in Kelley v. Med-1 Solutions, LLC, 548 F.3d 600 (7th Cir. 2008). In that case, the plaintiffs were state-court losers who came to federal court to assert FDCPA claims against the former state-court plaintiffs. The federal plaintiffs argued that Rooker-Feldman did not apply because they were not seeking redress for injuries that arose out of the state-court judgment but redress for injuries that arose out of defendants' conduct prior to entry of the state-court judgment. However, the Seventh Circuit held that the claims fell within Rooker-Feldman because a federal court could not find for the plaintiffs without upsetting the state-court judgment. Id. at 605. The court found that a federal court could not grant the plaintiffs the relief they sought without also determining that the state court had erred in granting the earlier judgment to the state-court plaintiffs. Id.

The present case is distinguishable from Kelley because, as explained, I need not upset the state-court judgment to award plaintiff the relief he seeks. Plaintiff does not dispute the state-court judgment, and that judgment does not address the claims that

6

plaintiff asserts in the present case. Although the court of appeals commented on plaintiff's present claims, those comments were not incorporated into the state-court judgment, plaintiff does not argue that those comments injured him, and I need not review or reject those comments in order to find for plaintiff. Therefore, I have subject-matter jurisdiction over plaintiff's claims.

## II. DISCOVERY MOTIONS

On the same day that defendants filed their motion to dismiss based on the <u>Rooker-Feldman</u> doctrine, defendants filed a motion to stay all discovery pending resolution of the motion to dismiss. That motion is still pending. Before defendants filed their motion to stay, plaintiff had served defendants with requests for admission, interrogatories, and requests for the production of documents. Although defendants responded to the requests for admission, they did not respond to the interrogatories or requests for the production of documents. Plaintiff subsequently filed motions to compel responses to the interrogatories and document requests and a motion to sanction defendants for their failure to respond.

Defendants argue that they were not required to respond to the interrogatories and document requests because their motion to stay discovery had not been ruled upon. However, the pendency of defendants' motion to stay discovery was not a valid reason for refusing to respond to plaintiff's discovery requests. A motion to stay is not self-executing. Until an order granting the motion is entered, discovery is not stayed, and a party cannot simply ignore valid discovery requests on the ground that the motion to stay might be granted. Therefore, defendants must fully comply with the discovery requests previously propounded by plaintiff.

7

Although it would be within my discretion to award sanctions or expenses to plaintiff based on defendants' refusal to respond to plaintiff's requests, I do not think that such an award is warranted here. Although the pendency of a motion to stay or a motion for protective order does not automatically excuse a party's failure to respond to discovery requests, the court can take into consideration whether the motion to stay was filed in good faith when deciding whether to award sanctions or expenses. See Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 78, 86-87 (D.D.C. 1998). Here, defendants had filed a motion to dismiss for lack of subject matter jurisdiction, and I find that such motion was filed in good faith. Further, because defendants had a good-faith basis for questioning the court's jurisdiction, defendants were justified in thinking that discovery would be stayed pending resolution of the jurisdictional issue. Thus, although defendants should have complied with plaintiff's discovery requests despite having filed a motion to stay discovery, I find that, under the circumstances, an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(iii) & (d)(3). However, plaintiff's motions to compel defendants' responses to interrogatories and requests for the production of documents are granted. Defendants must respond to these requests within thirty days of the date of this order.

Plaintiff has also moved to compel defendants to provide more complete responses to his requests for admission. Under Federal Rule of Civil Procedure 36(a)(6), a party may move to determine the sufficiency of an answer or objection to a request for admission. Plaintiff argues that defendant Unifund's responses to requests 14, 15, 21 and 27 are inadequate, that defendant Kohn Law Firm's responses to requests 14, 20 and 26 are inadequate, and that defendant Ambrosh's responses to requests 14, 20 and 26 are inadequate. Defendants' objections to request 14 are overruled and defendants are

8

instructed to either admit or deny the request. Unifund has denied request 15 and therefore no further response is necessary. Defendants' objections to requests 20, 21, 26 and 27 are overruled and defendants are instructed to unequivocally either admit or deny the requests. Defendants shall amend their responses to plaintiff's requests for admission within thirty days of the date of this order. I find that defendants' objections were substantially justified and therefore will not award expenses pursuant to Federal Rule of Civil Procedure 37(a)(5).

Because the deadlines that I set in my previous scheduling order have lapsed, I will issue a new scheduling order providing the parties with additional time to conduct discovery and file dispositive motions. The parties are advised to abide by this schedule unless a motion to modify the schedule is filed and granted prior to the applicable deadline.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend discovery is **GRANTED**. The court will issue an amended scheduling order contemporaneously with this order.

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to impose sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel are **GRANTED IN PART**, as discussed above. Defendants shall fully respond to plaintiff's outstanding discovery requests within thirty days of the date of this order.

**FINALLY, IT IS ORDERED** that plaintiff's motion to strike defendants' reply brief is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge